# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MARCIE GREEN,**

        **Plaintiff,**

**-vs-**                                    Case No. 6:11-cv-397-Orl-28DAB

**SUMMERVILLE AT OVIEDO, LLC,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF ACTION WITH PREJUDICE (Doc. No. 23)** |
| **FILED:** | **October 24, 2011** |
| **THEREON** it is **ORDERED** that the motion is **DENIED as moot**. | |
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF ACTION WITH PREJUDICE (Doc. No. 25)** |
| **FILED:** | **November 10, 2011** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

The matter has been referred by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Based on the Plaintiff's responses to the Court's Interrogatories (Doc. 19), Plaintiff was employed by Defendant as Program Director, planning and coordinating activities for patients, acting as liaison between the facility and the families, scheduling employees, ordering and stocking medication, and other various duties, from May 2005 to November 2010. Plaintiff sought $56,733

for an average of 25 hours per week of overtime, plus an equal amount in liquidated damages. Doc. 19. The settlement to Plaintiff of $51,000 in unpaid wages and liquidated damages represents approximately 90% of the principal amount Plaintiff sought. In the Joint Motion, the parties state that the complexity, expense, and length of future litigation led them to settle. Plaintiff contends Defendant did not maintain an accurate record of the hours she worked or pay her all overtime compensation to which she was entitled under the FLSA. Defendant maintains that its time records are accurate, that Plaintiff historically worked very few hours of overtime each week, and that Plaintiff has been compensated in accordance with the wage and overtime requirements of the FLSA. If the parties continued to litigate this matter, they recognized that they would be forced to engage in costly and protracted litigation in order to prove their claims and defenses.

The parties exchanged information and documentation regarding Plaintiff's hours and pay. Because the Plaintiff's claim is largely based on working "off the clock" and the records available do not show her to be working the amount of hours that she claims, the range of a potential recovery in this case could range from zero to 100% of Plaintiff's claimed unpaid overtime. The parties will also need to litigate whether Defendant acted in good faith and whether Defendant's alleged violation of the FLSA was willful. Therefore, even if Plaintiff succeeded on the merits of her claims, which would require substantial additional time and exercise of resources by both parties, the amount of her recovery was predicted to be uncertain. To resolve the litigation, Defendant paid Plaintiff for a portion of the overtime she alleged was owed after reviewing the Defendant's records and stated defenses, and after sufficient investigation.

The parties have agreed that Defendant will pay Plaintiff's attorneys $9,000 in attorney's fees and costs. Plaintiff's counsel accrued 26.7 hours of time litigating the case on behalf of Plaintiff.

Costs incurred totaled $385 for filing fee and service of process charges. The Court has previously recognized that a reasonable rate for Mr. Norell, who was admitted to practice in 1994 and practices in the area of employment and wage and hour law[1], is approximately $300 to $325 (though that is "on the high side") and the hourly rate in this case would be approximately $322, which is acceptable given the significant results in the case. The amount of time devoted and the hourly rates are not unreasonable under the circumstances of this case.

Settlement in the amount of **$51,000** to Plaintiff for unpaid wages and liquidated damages, and **$9,000** for attorney's fees and costs is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 14, 2011.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[1] *See Lee v. Sky Pumbing, Inc.*, Case No. 6:09-cv-2109-Orl-31DAB (citing http://www.martindale.com).